# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RAYMOND MOLINA,

    Plaintiff,

    v.                                                        Case No. 2:18-CV-00217 JAP/GJF

UNITED STATES OF AMERICA and
AGENT CHRISTOPHER M. HOLBROOK
in his individual and official capacity,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On March 6, 2018, Plaintiff Raymond Molina brought a complaint against the Department of Homeland Security (DHS) and Christopher M. Holbrook and FNU Lopez, two current or former Department of Homeland Security (DHS) agents in their individual and official capacities. Plaintiff asserted his claims under the Federal Tort Claim Act, 28 U.S.C. §§ 1346(b) et seq. (FTCA). Plaintiff argued that Defendants Christopher M. Holbrook and FNU Lopez (hereinafter, jointly DHS agents) in their official capacities and their individual capacities had violated his Fourth and Fourteenth Amendment rights by arresting Plaintiff without probable cause, by using unreasonable and excessive force during his arrest/detention, and by initiating malicious prosecution. Plaintiff alleged that DHS was negligent in its training and supervision of defendant officers.[1] On July 24, 2018, DHS answered the Complaint.[2]

---

[1] *See* COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, ASSAULT, BATTERY, ABUSE OF PROCESS, LOSS OF CONSORTIUM, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT SUPERVISION AND TRAINING OF OFFICERS (Doc. No. 1).
[2] DEFENDANT UNITED STATES DEPARTMENT OF HOMELAND SECURITY'S ANSWER TO PLAINTIFF'S COMPLAINT (Doc. No. 10). As of the date of the filing of this Memorandum Opinion and Order, Defendant Christopher Holbrook has not answered the Complaint.

On March 7, 2019, the United States filed a motion for summary judgment[3] asking the Court to dismiss all of Plaintiff's claims against DHS for the following reasons: 1) Plaintiff failed to name the United States as a defendant as required by the FTCA; 2) Plaintiff failed to exhaust administrative remedies on his negligent training and supervision claim under 28 U.S.C. § 2675; and 3) Plaintiff failed to file his claims against the United States within the six (6) month statute of limitations in 28 U.S.C. § 2401(b).

Plaintiff filed his response on March 21, 2019.[4] The United States replied on April 4, 2019.[5]

On May 10, 2019, Plaintiff filed an unopposed motion asking the Court to substitute the United States in place of DHS, to dismiss all claims against Defendant Agent Lopez without prejudice, and to dismiss Plaintiff's claims for negligent supervision and training of officers.[6] On May 14, 2019, the Court granted Plaintiff's Motion to Substitute.[7]

In response to the Court's request that the parties supplement their briefing on equitable tolling, Plaintiff filed an additional brief on June 3, 2019,[8] and the United States filed an additional brief on June 13, 2019.[9]

As the Court's May 14, 2019 Order resolved two of the United States' arguments, the United States' only remaining argument is that Plaintiff's Complaint is time barred under 28

---

[3] *See* UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT (Doc. No. 15) (Motion). In its Motion, the United States stated it represented the interests of DHS only, and "no other named Defendants."
[4] *See* PLAINTIFF'S RESPONSE TO THE UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 20) (Response).
[5] *See* UNITED STATES OF AMERICA'S REPLY TO PLAINTIFF'S RESPONSE (DOC. 20) TO UNITED STATES' MOTION FOR SUMMARY JUDGMENT (Doc. 15) (Doc. No. 25) (Reply).
[6] *See* PLAINTIFF'S UNOPPOSED MOTION TO SUBSTITUTE PARTY AND TO DISMISS (Doc. No. 33) (Motion to Substitute).
[7] *See* ORDER SUBSTITUTING THE UNITED STATES OF AMERICA DISMISSING AGENT LOPEZ, AND DISMISSING CLAIM OF NEGLIGENT SUPERVISION AND TRAINING (Doc. No. 34) (Order).
[8] *See* PLAINTIFF'S BRIEF IN SUPPORT OF EQUITABLE TOLLING (Doc. No. 36) (Brief on Equitable Tolling).
[9] *See* UNITED STATES OF AMERICA'S RESPONSE TO PLAINTIFF'S BRIEF IN SUPPORT OF EQUITABLE TOLLING (DOC 36) (Doc. No. 41) (Response on Equitable Tolling).

U.S.C. § 2401(b). That issue is fully briefed.[10] Because Plaintiff untimely filed his federal case, and equitable tolling does not apply, the Court will grant the United States' Motion for Summary Judgment.

## I. FACTS & PROCEDURAL HISTORY

The following facts are taken from Plaintiff's Complaint, the United States' Motion for Summary Judgment, and Plaintiff's Response.[11] In addition, the Court takes judicial notice of documents filed in the federal court docket in Agent Holbrook's criminal case.[12]

On March 23, 2015 around 7:30 p.m., Plaintiff and his wife were driving to the United States from Mexico when they were detained at the Santa Teresa Port of Entry by DHS agents.[13] *See* Complaint (Doc. No. 1) at ¶ 7; Response (Doc. No. 20-2), Ex. 2, at 3. The DHS agents arrested Plaintiff under an outstanding El Paso warrant. *See* Response (Doc. No. 20-2), Ex. 2 at 3.[14] While escorting Plaintiff to a Customs and Border Protection (CBP) office, "Defendant Holbrook intentionally lifted [Plaintiff] up by his cuffed hands simultaneously sweeping his feet

---

[10] The briefing includes exhibits attached to Defendant's Summary Judgment Motion and Plaintiff's Response. Attached to Defendant's Summary Judgment Motion are (1) Plaintiff's adverse decision letter from DHS, (2) a declaration by a staff attorney for United States Custom and Border Protection as the records custodian, (3) a February 23, 2016 letter from Plaintiff's attorney to the DHS, and (4) a certified United States mail return receipt. *See* Motion (Doc. No. 15), Ex. A-1, A-2, A-3, and A-4. Attached to Plaintiff's Response is Agent Holbrook's indictment in case number CR 17-3181, and the United States' Sentencing Memorandum in that case. *See* Response (Doc. No. 20) Ex 1 & 2.

   Both Plaintiff and the United States attached email correspondence filed under seal to their supplementary briefs on equitable tolling. Because some of those emails appear to involve settlement negotiations, and because that correspondence exceeded the scope of what the Court asked the parties to do, the Court did not consider that correspondence when making its ruling.

[11] *See* Fed. R. Evid. 201 ("a court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

[12] In the United States' Response on Equitable Tolling, the United States disputes some of Plaintiff's asserted facts, which Plaintiff derived from a Sentencing Memorandum authored by the United States in Agent Holbrook's criminal case. The Court will consider as evidence properly in the record the United States' statements of fact in the Information, Plea Agreement, and Sentencing Memorandum, filed in Agent Holbrook's criminal case. *See Asarco LLC v. Union Pacific R. Co*, 755 F.3d 1183, 1188 & n.5 (10th Cir. 2014) (observing that a court may take judicial notice of filings in a district court's docket when resolving motions to dismiss).

[13] Defendant Christopher Holbrook is no longer a Customs and Border Protection employee. However, at the time of his encounter with Plaintiff, he was employed by Customs and Border Protection as an agent, and so the Court will address him as such.

[14] The Court will reference the numbers on the document and not the numbers assigned by the electronic filing system.

out from underneath him." *Id.* This move is known as an "outside leg takedown" or a "mule sweep." *Id.* Because of Agent Holbrook's actions, Plaintiff fell to the ground on his face and received injuries including a fracture of his right orbital socket and several other facial bones. *Id.*; *see also* Complaint (Doc. No. 1) at ¶ 14. He bled significantly, leaving a "noticeable pool of blood on the floor." Response, (Doc. No. 20-2), Ex. 2 at 3. An ambulance transported Plaintiff to Mountain View Hospital for treatment. *Id.* Under CBP policy and training, the move used by Agent Holbrook is appropriate only when an agent is addressing "actively assaultive behavior" by a detainee. *Id.*

On February 23, 2016, through his attorney, Plaintiff filed a claim with DHS for damages, injury or death on Standard Form 95 requesting $1,000,000 in damages. Motion (Doc. No. 15-2), Ex A-1 at 1. DHS prepared a denial letter dated June 5, 2017 addressed to Plaintiff's counsel. As grounds for the denial of Plaintiff's claim, DHS stated:

> You have not provided sufficient documentation to substantiate any injury, loss or harm. Moreover, there is insufficient evidence demonstrating that the alleged damages are attributable to a negligent or wrongful act or omission of a Customs and Border Protection employee while the employee was acting within the scope of his or her employment.

Motion (Doc. No. 15-3) Ex. A-3 at 2. The letter advised Plaintiff's counsel that if he was "dissatisfied with this decision, [he] may file suit in an appropriate United States District Court not later than six (6) months after the date of this notification." *Id*. On June 6, 2017, the letter was sent by certified mail to Plaintiff's counsel. On June 8, 2017, Plaintiff's counsel signed the certified mail receipt. Motion (Doc. No. 15-4), Ex. A-3 at 1. Plaintiff did not seek reconsideration of the denial.

After the denial letter, the CBP's Office of Professional Responsibility continued to investigate the March 23, 2015 event by examining videos and conducting interviews with

4

eyewitnesses and Agent Holbrook. Response (Doc. No. 20-2), Ex. 2 at 4 (stating that Agent Holbrook was interviewed on July 26, 2017 by the CBP's Office of Professional Responsibility).

On November 7, 2017, the United States filed an Information against Agent Holbrook, charging him with obstruction of justice in violation of 18 U.S.C. § 1519 for falsifying an official document regarding his use of force against Mr. Molina. Response (Doc. No. 20-1), Ex. 1 at 1. In a Sentencing Memorandum filed in Agent Holbrook's criminal case, the United States identified two occasions when Agent Holbrook gave false statements to agents investigating the incident. First, on March 23, 2015, the day of the incident, Agent Holbrook wrote an official incident report stating that he "used the minimal amount of force necessary to regain control of the subject." Response (Doc. No. 20-2), Ex. 2 at 4 (internal citation omitted). Second, on July 26, 2017, after DHS sent its denial letter, Agent Holbrook told investigators from the CBP's Office of Professional Responsibility that "he was not sure how [Plaintiff's] fall occurred, denied intentionally tripping [Plaintiff] and called the incident an accident." *Id*. (internal citation omitted).

On March 16, 2018, Agent Holbrook pled guilty to the charge of obstruction of justice. *See United States v. Holbrook*, 2:17CR03181-001RB, Plea Agreement (Doc. No. 10). In his Plea Agreement, Agent Holbrook admits that "he knowingly falsified his official report by claiming (1) that [Plaintiff] was actively resisting arrest, (2) that Defendant Holbrook used 'the minimal amount of force necessary', and (3) that [Plaintiff] fell to the floor only because his feet had unintentionally tangled with Defendant Holbrook's." *Id; see also Holbrook,* 17CR03181 RB, Plea Agreement at ¶ 7. "As part of the plea offer, the United States agreed that it would not seek to charge the underlying criminal civil rights violation, 18 U.S.C. § 242 (Violation of Rights Under Color of Law)." Response (Doc. No. 20-2), Ex. 2 at 1. On November 27, 2018, Agent

Holbrook was sentenced to 12 months and 1-day term of imprisonment. *See Holbrook*, 2:17CR03181-001RB, Judgment (Doc. No. 36).

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate if a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party on the issue," and "[a]n issue of fact is material if under the substantive law it is essential to the proper disposition of the claim." *Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (citations and internal quotations omitted). In reviewing a motion for summary judgment, the Court views "the evidence and its reasonable inferences in the light most favorable to the non-movant." *Id*.

As a sovereign, "[t]he United States and its officers enjoy immunity from suit except in instances where the United States has expressly waived that protection." *Flute v. United States*, 808 F.3d 1234, 1239 (10th Cir. 2015). In 1946, Congress enacted the FTCA, which waives the United States' sovereign immunity and permits individuals to sue the government for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the United States while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1); *see also Wyodak Res. Dev. Corp. v. United States*, 637 F.3d 1127, 1130 (10th Cir. 2011) (the FTCA "waives sovereign immunity and grants subject-matter jurisdiction to the district courts"). The FTCA is the exclusive remedy for tort claims allegedly committed by federal employees when acting in their official capacity. *See* 28 U.S.C. § 2679(b)(1). Courts must narrowly construe the FTCA's waiver of the United States' sovereign immunity. *Lehman v. Nakishian*, 453 U.S. 156, 161 (1981).

Two conditions govern the timing of a FTCA claim: an administrative exhaustion requirement and a statute of limitations requirement. *Barnes v. United States*, 776 F.3d 1134, 1139 (10th Cir. 2015) (observing the administrative exhaustion requirement and the statute of limitations in the FTCA act as chronological bookends to an FTCA claim). First, under 28 U.S.C. § 2675(a), before bringing an FTCA claim to federal court, a plaintiff must exhaust administrative remedies by filing the claim with the appropriate agency. *Bradley v. United States ex. rel. Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991). Only after the claim is denied in writing by the agency may a plaintiff bring the claim to federal court. *McNeil v. United States*, 508 U.S. 106, 113 (1993). The administrative exhaustion requirement is jurisdictional. *Id.* The United States does not argue that Plaintiff failed to meet the administrative exhaustion requirement.

Second, the FTCA provides a limitations period for filing a claim with a district court. The statute of limitations requires a plaintiff to file a claim "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). The statute of limitations requirement is not jurisdictional but merely imposes a time limit. *United States v. Kwai Fun Wong*, 135 S.Ct. 1625, 1633 (2015).

Untimeliness is an affirmative defense. See Fed. R. Civ. P. 8(c)(1) (listing statute of limitations as an affirmative defense). A defendant has the initial burden of showing a claim is untimely. *See Fernandez v. Clean House*, LLC, 883 F.3d 1296, 1299 (10th Cir. 2018) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)); *see also Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007) (observing "the burden of proving all affirmative defenses rests on the

defendant"). Once that burden is met, the burden shifts to the plaintiff to show a later accrual date for the claim or to provide a factual basis for tolling the statute.

Equitable tolling "appl[ies] to suits brought against the United States under a statute waiving sovereign immunity." *Kwai Fun Wong,* 135 S.Ct. at 1631 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96 (1990)). Because the statute of limitations in 28 U.S.C. § 2401(b) is not jurisdictional, a federal court may toll the FTCA time limit on equitable grounds. *Id.* When a defendant has deceived a plaintiff or has concealed facts material to a plaintiff's cause of action, equitable tolling may delay the running of a statute of limitations. *See Glus v. Brooklyn E. Dist. Terminal*, 359 U.S. 231, 232 (1959).

Equitable tolling is a "discretionary matter for the district court" that "'is granted sparingly.'" *Chance v. Zinke*, 898 F.3d 1025, 1034 (10th Cir. 2018) (quoting *Impact Energy Res., LLC v. Salazar*, 693 F.3d 1239, 1246 (10th Cir. 2012)). "'[G]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.'" *Id.* (quoting *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012) (emphasis and further citation omitted)). Both requirements are distinct elements that a litigant must establish. *Menominee Indian Tribe of Wisconsin v. United States*, --- U.S. ----, 136 S.Ct. 750, 756 (2016). The party arguing the applicability of equitable tolling "bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.'" *See Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

## III. ANALYSIS

As a preliminary matter, the United States disputes most of Plaintiff's facts, arguing that: (1) Plaintiff failed to cite to evidence in support of the facts surrounding the encounter; (2) certain purported facts are not supported by the evidence; or (3) most of the facts are not material to the equitable tolling analysis. Response on Equitable Tolling (Doc. No. 41) at 9. These arguments are unfounded. Many of the facts the United States disputes were asserted by the United States in a Sentencing Memorandum filed in Agent Holbrook's criminal case. The United States offers no explanation for why facts it once proclaimed incontrovertible are now disputed.[15] More important, these facts are properly in the record. They are attached to Plaintiff's Response and the Court has taken judicial notice of them.

Both parties agree on the timeline of events. On June 6, 2017, DHS sent to Plaintiff's counsel by certified mail a final denial of Plaintiff's administrative claim based on Agent Holbrook's excessive use of force. The letter stated that if Plaintiff decided to file an FTCA claim in federal court, he must do so within six months of the date of mailing of that letter. On June 8, 2017, Plaintiff's counsel acknowledged receipt of the denial letter with his signature. To be timely, Plaintiff should have filed his FTCA claim in federal court by December 6, 2017. However, it was not until March 6, 2018, that Plaintiff filed his Complaint. Because Plaintiff filed his FTCA claim three months after the six-month statute of limitations deadline, the United States argues that the Court should dismiss Plaintiff's FTCA claim.[16] In opposition, Plaintiff

---

[15] For example, Plaintiff states that it is undisputed that a witness to the incident submitted a statement that Defendant Holbrook's' action appeared to be intentional and not negligent and it cites the United States' Sentencing Memorandum in Defendant Holbrook's case. However, now the United States disputes this fact, stating that it is unsupported by the evidence. *See* Response on Equitable Tolling (Doc. No. 41) at ¶5.

[16] Initially, the United States claimed that the statute of limitations requirement was jurisdictional. In its Response on Equitable Tolling, the United States appears to have abandoned that claim as unsupported by the law.

argues that he has diligently pursued his rights and extraordinary circumstances warrant equitable tolling.

## A. Extraordinary Circumstances Based on Fraudulent Concealment

To show extraordinary circumstances, a litigant must show that the circumstances that caused his delay "are both extraordinary and beyond [his] control." *Menominee*, 136 S.Ct. at 756. Plaintiff asserts that he has shown extraordinary circumstances through evidence that Agent Holbrook and the United States fraudulently concealed material facts crucial to Plaintiff's claim.

A party asserting equitable tolling based on fraudulent concealment must show each prong of the following test: "(1) the use of fraudulent means by the party who raises the ban of the statute; (2) successful concealment from the injured party; and (3) that the party claiming fraudulent concealment did not know or by the exercise of due diligence could not have known that he might have a cause of action." *See Robert L. Kroenlein Trust ex rel. Alden v. Kurchhefer*, 764 F.3d 1268, 1281 (10th Cir. 2014). Plaintiff argues that Agent Holbrook's conviction for obstruction of justice based on his misrepresentations about his use of excessive force against Plaintiff on March 23, 2015 is prima facie evidence of fraudulent concealment.

The record supports Plaintiff's assertion that Agent Holbrook fraudulently concealed material facts. Agent Holbrook admitted in his criminal proceeding that he falsified two official reports by claiming that he had not used excessive force against Plaintiff. However, it is not Agent Holbrook who seeks summary judgment against Plaintiff, it is the United States. Plaintiff must show that the United States used fraudulent means to conceal Plaintiff's cause of action.

Plaintiff appears to allege that when the United States sent its denial letter, the United States was concealing its knowledge of Agent Holbrook's use of excessive force. According to Plaintiff, this was a form of fraud. However, Plaintiff also admits that he knew that "the

Department of Justice had begun a civil rights investigation of Agent Holbrook." *See* Brief on Equitable Tolling (Doc. No. 36 at 5). If Plaintiff knew the United States was investigating Agent Holbrook, then Plaintiff must have known that it had suspicions about Agent Holbrook's behavior. This information undermines Plaintiff's argument.

When examined, it becomes clear that Plaintiff is claiming that the United States fraudulently concealed evidence supporting Plaintiff's claim, not the existence of the claim. Plaintiff reasons that he did not and could not know that there was evidence other than his own recollection to support his claim until the United States filed charges against Agent Holbrook. *Id.* at p. 5 (stating that only after the US Attorney's office filed charges could the Plaintiff know "there existed strong evidence to prove, beyond a reasonable doubt, that Agent Holbrook had battered Mr. Molina and used excessive force"). Plaintiff states that while he knew he had a claim, he "was in a bind in terms of evaluating the strength and value of a suit for damages." *Id.* According to Plaintiff, the United States had a legal obligation to turn over all evidence it possessed about the incident before Plaintiff filed a federal lawsuit, and the United States' failure to do so was a form of concealment. Plaintiff offers no legal or factual support for this argument.

The United States counters that Plaintiff confuses the merits of his FTCA claim with the existence of evidence to support his claim. The United States asserts that even if "strong evidence" was concealed, which it denies, Plaintiff's supposed beliefs regarding his own claim can never be extraordinary circumstances because those beliefs are within Plaintiff's control. The United States submits that even if Plaintiff did not possess all evidence surrounding the encounter between him and Agent Holbrook, Plaintiff still had an obligation to file a claim within the six-month statute of limitations. Caselaw supports this argument.

Courts have found extraordinary circumstances warranting equitable tolling when there has been an active misrepresentation about a plaintiff's cause of action that prevented a plaintiff from meeting the statute of limitations. *See Pliler v. Ford,* 542 U.S. 225, 234 (2004) (remanding case for further proceedings on whether a litigant had been affirmatively misled about the legal effect of a recharacterization of a motion); *Chance*, 898 F.3d at 1035 (collecting cases of active misrepresentation); *Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) (applying equitable tolling when state habeas court affirmatively misled petitioner by instructing him to file his appeal with the wrong court). Extraordinary circumstances are also present when litigants delay filing a claim in federal court because of "rel[iance] on actual binding precedent that is subsequently reversed." *Menominee*, 136 S.Ct. at 754. Plaintiff has pled no facts demonstrating that he did not know he had a cause of action or that he relied on binding precedent to his detriment.

Plaintiff's argument rests on the sufficiency of his evidence. However, courts have declined to find extraordinary circumstances when a plaintiff knows of his or her cause of action but lacks direct knowledge of all evidence. *See Bennett v. Coors Brewing Co.,* 189 F.3d 1221, 1235 (10th Cir. 1999) (finding that "[e]quitable tolling is not warranted where an employee is aware of all of the facts constituting discriminatory treatment but lacks direct knowledge of the employer's subjective discriminatory purpose") (internal quotation marks and citation omitted)); *State of Ohio v. Peterson, Lowry, Rall, Barber & Ross*, 651 F.2d 687, 695 (10th Cir. 1981) (examining the equitable tolling doctrine and finding that discovery of the fraud, not the possession of hard evidence, begins the statute of limitations); *see also Ryan v. United States*, 534 F.3d 828, 832 (8th Cir. 2008) (extraordinary circumstances not present when twins who were switched at birth in 1946 and had suspected the switch since the 1970s could have

12

discovered the basis for their claims by conducting an inquiry and filing their FTCA claim before 2002).

For similar reasons, Plaintiff cannot meet the other two prongs of the fraudulent concealment test. Because Plaintiff has admitted that he knew that he had a cause of action, he cannot show that the United States concealed that cause of action from him. If anything, the United States' ongoing investigation of Agent Holbrook buttressed Plaintiff's claims. As Plaintiff has not met his burden in showing fraudulent concealment, he has not established the extraordinary circumstances element of the equitable tolling test.

### B. Diligence

A failure to meet one element of the equitable tolling test, is fatal to the claim. *See Sigala v. Bravo*, 656 F.3d 1125, 1129 (10th Cir. 2011) (without addressing the diligence prong, dismissing Plaintiff's claim when he failed to meet his burden of showing extraordinary circumstances). Nonetheless, the Court will address Plaintiff's argument that he has shown diligence.

The United States reasons that because Plaintiff knew he had a cause of action, Plaintiff had an obligation to pursue it within the six-month statute of limitations and his failure to do so shows he was not diligent. Alternatively, the United States maintains that, even if Plaintiff legitimately did not know that he had a viable cause of action before the United States charged Agent Holbrook, after the United States charged Agent Holbrook Plaintiff still had approximately a month to meet the filing deadline.[17]

"The diligence required for equitable tolling is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. 631, 653 (2010) (citation and internal quotation marks

---

[17] Plaintiff's counsel does not deny that he had notice that the United States charged Agent Holbrook.

omitted). To establish diligence, a plaintiff must "allege with specificity the steps he took to diligently pursue his federal claims." *Yang,* 525 F.3d at 930 (internal quotations marks omitted). Significantly, Plaintiff has not stated specifically the steps he took to diligently pursue his claim. While there is some evidence that Plaintiff diligently pursued his claim prior to DHS's denial letter, there is no evidence that Plaintiff actively pursued the claim thereafter. Plaintiff's counsel apparently concedes that after the United States charged Agent Holbrook, Plaintiff's counsel knew Plaintiff had a viable claim, yet he did not file a claim despite 30 days remaining before expiration of the limitations period. The Tenth Circuit has found that a "one-month time period provide[s] ample opportunity to serve the defendants in a timely fashion." *Phannensteil v. Merrill Lynch, Pierce, Fenner & Smith*, 477 F.3d 1155, 1158 (10th Cir. 2007).

Plaintiff's counsel justifies his failure to file Plaintiff's FTCA case by the limitations deadline on the ground that he was engaged in a complex and time-consuming legal case mandating his presence at hearings. Plaintiff's counsel concludes that the "revelation could not have come at a worse time for Mr. Molina." Brief on Equitable Tolling at 6. Plaintiff has cited no law, and the Court cannot find any, supporting a proposition that a lawyer's heavy case load is proof that the lawyer is diligent and excuses the lawyer's failure to timely file a lawsuit. While there is some case law[18] indicating that an attorney's gross failure to perform essential services might establish extraordinary circumstances, Plaintiff's counsel has not argued that, nor has the United States.

This appears to be an unfortunate instance of an attorney failing to take an appropriate and necessary step on behalf of his client. Therefore, the Court reluctantly and regretfully will grant the Motion.

---

[18] *See, e.g., Holland*, 560 U.S. at 652-53 (finding that an attorney's egregious misconduct may establish extraordinary circumstances).

IT IS THEREFORE ORDERED THAT the UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT (Doc. No. 15) is GRANTED, and a separate summary judgment in favor of Defendant United States of America will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE